IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK D. MCGINNIS,<br><br>        Petitioner,<br><br>   v.<br><br>SUPERINTENDENT OBERLANDER, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF ALLEGHENY COUNTY,<br><br>        Respondents. | Civil Action No. 20-1525<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

This matter comes before the Court after Petitioner Frank D. McGinnis ("Petitioner") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 18) entered by United States Magistrate Judge Maureen P. Kelly on November 1, 2023.  The R&R recommends that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Docket No. 6) be denied.  (Docket No. 18 at 1, 25). Service of the R&R was made on Petitioner via U.S. Mail.  (*Id.* at 26 and Docket text entry).  The R&R informed the parties that objections to same were due by November 20, 2023.  (*Id.* at 25-26 and Docket text entry).  Thereafter, no party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Petitioner did not file any objections to the R&R – which explicitly stated that failure to file timely objections "will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 18 at 26).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara*

1

*v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will deny the Petition, which raises four Grounds for Relief based on alleged ineffective assistance of counsel. In so ruling, first, the Court agrees with Judge Kelly's recommendation that the portion of Ground Four based on failure to preserve an *Alleyne* challenge[1] was not exhausted and is procedurally defaulted, and that Petitioner has failed to demonstrate any basis to excuse default of the *Alleyne* portion of Ground Four. (Docket No. 18 at 10-12). As to the merits of the Petition, the Court agrees with Judge Kelly's recommendation that Ground One should be denied because Petitioner has failed to demonstrate entitlement to federal habeas relief as to counsel's failure to investigate or cross-examine witnesses regarding the victim's injuries. (*Id.* at 17-18). The Court further agrees that Ground Two, concerning the alleged failure to secure exculpatory evidence (911 call records), should be denied since the state court's factual determination relative to the 911 call evidence is not unreasonable, and the PCRA Superior Court's determination in this regard is not contrary to or an unreasonable application of Supreme Court precedent, as Petitioner has failed to show either deficient performance or prejudice under the facts here. (*Id.* at 19-22). Additionally, the Court agrees that Ground Three, regarding the alleged showing of inadmissible photos to the jury, should be denied

---

[1] *See Alleyne v. United States*, 570 U.S. 99 (2013).

since Petitioner has failed to meet his burden to demonstrate that the Superior's Court's determination here was contrary to or an unreasonable application of Supreme Court precedent, or was an unreasonable determination of the facts in light of evidence presented in the state court. (*Id.* at 22-23).  Finally, the Court agrees with Judge Kelly that Ground Four – regarding the failure to preserve a meritorious challenge to sentence/an *Alleyne* challenge (the *Alleyne* portion of which is, as explained, *supra*, procedurally defaulted) – should be denied since, based on the evidence of record as well as the Superior Court's interpretation of state sentencing law to which this Court must defer, Petitioner has not met his burden to show that the Superior Court's determination that Petitioner's counsel was not ineffective was contrary to or an unreasonable application of Supreme Court precedent, or was based on an unreasonable factual determination.  (*Id.* at 23-25).  Furthermore, the Court agrees with Judge Kelly's recommendation that a certificate of appealability should be denied here, as jurists of reason would not debate that Petitioner has failed to show entitlement to relief.  (*Id.* at 25).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 21st day of May, 2025,

IT IS HEREBY ORDERED that the Report and Recommendation ("R&R") (Docket No. 18) is **adopted** as the Opinion of the Court.

IT IS FURTHER ORDERED that Petitioner Frank D. McGinnis's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 6) is **denied**.

IT IS FURTHER ORDERED that a certificate of appealability is **denied**.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order he must file a notice of appeal

within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Petitioner is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir. L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

The Clerk of Court shall mark this case **closed**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   The Honorable Maureen P. Kelly
          Frank D. McGinnis (via U.S. Mail)